# UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | | |
|---|---|---|
| BRANDON BOONE DREWRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00449-JAW |
| | ) | |
| | ) | |
| STATE OF MAINE, | ) | |
| | ) | |
| Respondent | ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 MOTION
### AND
## ORDER ON MOTIONS REQUESTING THE APPOINTMENT OF COUNSEL

Petitioner Brandon Boone Drewry has filed a petition seeking relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1, 1-4.) The matter is also before the Court on Petitioner's two motions for the appointment of counsel. (Motions, ECF Nos. 12, 13.)

Following a jury trial in 2006, Petitioner was convicted in state court in Maine of gross sexual assault, kidnapping, and several other crimes. (State Court Record ("Record"), ECF No. 11-1 at 11-12.) The state court sentenced Petitioner to a prison term of 30 years. (Record at 13-15.)

In this matter, Petitioner argues the following: (1) ineffective assistance of trial counsel for the failure to conduct an adequate pretrial investigation, the failure to file a motion for a speedy trial before testimony was lost, the failure to present expert testimony regarding eyewitness identification, the failure to argue a suppression issue adequately, the failure to present key witnesses, and the failure to pursue an alternate suspect theory; (2) alleged misconduct by law enforcement officers; (3) judicial bias; (4) the denial of the right of self-representation; and (5) ineffective assistance of post-conviction counsel for the failure to provide correct advice about the

federal statute of limitation and the failure to raise all of the issues that Petitioner requested. Petitioner also makes certain allegations regarding the conditions of his confinement.[1]  As part of its response to the petition, the State argued that Petitioner had not timely filed the petition.[2]

After a review of the petition and the State's request for dismissal, Petitioner's motions requesting counsel are denied because the interests of justice do not require counsel to be appointed.  *See* 18 U.S.C. § 3006A.  In addition, the recommendation is that the Court grant the State's request for dismissal of the petition.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was indicted in October 2004 on six charges: (1) gross sexual assault, 17-A M.R.S. §  253(1)(A) (Class A) (count I); (2) kidnapping, 17-A M.R.S. §  301((1)(A)(3) (Class A) (count II); (3) aggravated assault, 17-A M.R.S. § 208(1)(B) (Class B) (count III); (4) unlawful sexual contact, 17-A M.R.S. §  255-A(1)(P) (Class B) (count IV); (5) criminal threatening with a dangerous weapon, 17-A M.R.S. §  209(1) (Class C) (count V); and (6) aggravated assault, 17-A M.R.S. § 208(1)(A) (Class B) (count VI).  (Record at 3.)  Following a six-day trial in December 2006, the jury returned a verdict of guilty on each of the six counts.  (Record at 11-12.)  In April 2007, the court sentenced Petitioner to a term of 30 years for gross sexual assault; 30 years for kidnapping; ten years for aggravated assault; ten years for unlawful sexual contact; five years for criminal threatening with a dangerous weapon; and ten years for aggravated assault, with counts

---

[1] This Court previously addressed the issue of Petitioner raising in a 28 U.S.C. § 2254 petition allegations regarding the conditions of his confinement.  *See Drewry v. State of Maine*, No. 1:14-mc-00187-JAW, 2014 WL 4987938, at *1 & nn. 1, 2, 2014 U.S. Dist. Lexis 142266 (D. Me. Oct. 7, 2014) (order affirming), 2014 U.S. Dist. Lexis 131381 (D. Me. Sept. 18, 2014) (recommended decision).

[2] The State has requested dismissal of the petition on the sole ground that the petition was not filed timely, but the State reserves other defenses in the event that the Court does not dismiss the petition as untimely.  (Response, ECF No. 11 at 1 n.1.)

two through six to be served concurrently with the 30-year term on count one for gross sexual assault. (Record at 13-15.)

Petitioner filed both a notice of appeal of the conviction and a request for discretionary review of the sentence. In December 2007, the Law Court denied leave to appeal the sentence. (Record at 22.) In May 2008, the Law Court affirmed the conviction, holding that (1) Petitioner's right to a speedy trial was not violated; (2) Petitioner was not denied the right of self-representation; (3) the trial court did not err when it denied Petitioner's motion to suppress evidence obtained during a search of Petitioner's bags, which had been seized without a warrant and searched after a warrant was obtained; (4) the trial court did not err or abuse its discretion when it admitted evidence that semen found in the victim's vagina did not belong to Petitioner, but excluded evidence that the semen did not belong to the victim's husband; (5) the trial court did not err when it ordered Petitioner to reimburse the State for a portion of his attorney fees; and (6) the evidence was sufficient to support the finding that Petitioner committed each element of the crimes of which he was convicted. *State v. Drewry*, 2008 ME 76, 946 A.2d 981.

Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied in October 2008. (Record at 23.) Meanwhile, in April 2008, Petitioner filed a petition for post-conviction review in the state court. (Record at 25.) The court held an evidentiary hearing in October 2009, and it denied the petition in June 2010. (Record at 27-28.) Petitioner timely filed an application for a certificate of probable cause for discretionary review by the Law Court. (Record at 28.) On March 28, 2011, the Law Court denied discretionary review. (Record at 30, 32.)

On April 28, 2011, the Law Court received a letter from Petitioner requesting "that he be 'allow[ed] to properly defend' himself." (Record at 32.) The Law Court construed Petitioner's

letter as a motion for reconsideration and dismissed it as untimely. (Record at 32.) On May 23, 2011, the Law Court received a letter from Petitioner "asking that the Court 'apply a bifurcated review' to the denial of his petition for post-conviction review." (Record at 32.) The Law Court noted that Petitioner had previously raised the issue "in a supplemental memorandum in support of his request for a certificate of probable cause, which he filed personally as an addition to the thorough memorandum filed by his attorney on appeal," and the Law Court denied the motion on May 24, 2011. (Record at 32-33.) On June 17, 2011, Petitioner filed a petition for a writ of certiorari, and on October 3, 2011, the United States Supreme Court denied the petition. (Record at 34.) On December 12, 2011, Petitioner filed a motion requesting leave to file a petition for rehearing; the Supreme Court denied the motion on January 23, 2012. (Record at 34.)

On April 3, 2012, Petitioner filed a second state court petition for post-conviction review. (Record at 36.) The court summarily dismissed the petition on May 14, 2012. (*Id.*) On May 21, 2012, Petitioner requested a certificate of probable cause for discretionary review by the Law Court. (*Id.*) The Law Court denied Petitioner's request on October 31, 2012. (Record at 37-38.) Petitioner filed two successive motions to reconsider, the first of which the Law Court denied on February 7, 2013, and the second of which the Law Court dismissed on February 25, 2013. (Record at 40.) On April 23, 2013, Petitioner filed a petition for a writ of certiorari in the United States Supreme Court. (Record at 42.) On October 7, 2013, the Supreme Court denied the petition. (*Id.*) On November 1, 2013, Petitioner filed a petition requesting a rehearing, which the Supreme Court denied on January 13, 2014. (*Id.*)

In his reply filed in opposition to Respondent's request for dismissal, Petitioner alleges that he placed the pending petition in the prison mailing system on November 3, 2014. (Reply, ECF No. 14 at 11.) The petition was filed on November 5, 2014. (Petition, ECF No. 1 at 1.)

## II.    Discussion

The timeliness of a petition filed pursuant to 28 U.S.C. § 2254 is governed by 28 U.S.C. § 2244(d). [3] When a petition is not filed timely under the statute, the limitation period under section 2244(d) may be subject to equitable tolling if the case presents extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 645-49 (2010). Petitioner argues that his petition was filed timely under section 2244(d), or, alternatively, he is entitled to equitable tolling. (Note, ECF No. 1-2; Reply at 25.)

A review of the record reveals that Petitioner did not file the petition timely under section 2244(d). More than one year passed from the date on which the Law Court denied Petitioner's first state court petition (March 28, 2011), to the date on which Petitioner filed his second state court post-conviction petition (April 3, 2012), and, as explained below, the limitation period was not tolled by any of the procedural events that occurred after the Law Court's denial of Petitioner's first state court post-conviction petition.

---

[3] Title 28 U.S.C. § 2244(d) provides:

    (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

First, Petitioner's motion for reconsideration, which was not filed timely, did not toll the limitation period under section 2244(d). *See Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).") (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Second, the subsequent motion likely was not properly filed, but in any event, the motion would not have affected the limitation period materially because it was pending for just one day. (Record at 32-33.) Finally, Petitioner's petition for a writ of certiorari to the United States Supreme Court did not toll the limitation period. (Record at 34.) *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). "The application for state postconviction review is . . . not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari." *Id.* at 332.

Petitioner's second state court post-conviction petition, which Petitioner alleges was based on new evidence, also did not render his section 2254 petition as timely filed. (Reply, ECF No. 14 at 11-12.)[4] The State argues that Petitioner's second state court petition did not toll the limitation period because it was not "properly filed" under section 2244(d)(2). (Response, ECF No. 11 at 7.)[5] The Court need not resolve whether the second state court petition was properly

---

[4] Petitioner alleges that new evidence came to his attention in July 2010, *i.e.*, several years after the 2006 trial and soon after the trial court had issued its June 2010 denial of the first post-conviction petition. The new evidence consisted of a statement by another inmate, who told Petitioner that he and another woman had worked with the victim in Petitioner's case to engage in drug scam operations, and the victim's assailant had previously been a target of one of the scam operations. (Petition, ECF No. 1-4 at 1, 3-4.) Petitioner alleges that the inmate, who had signed an affidavit stating that Petitioner was not the assailant, was available during the trial. (*Id.* at 4.)

[5] Because the State provided only the docket sheets, and did not provide the state court decision, it is not possible for this Court to determine whether Petitioner's second state court petition was "properly filed" for purposes of section 2244(d)(2). This Court's inquiry into "whether a given state court filing suffices for tolling purposes under § 2244(d)(2) may require more than a cursory examination of a state court's order disposing of the filing." *Lyons v. Kornegay*, No. 5:11-HC-2165-F, 2012 WL 3522938, at *8, 2012 U.S. Dist. Lexis 114225, at *21 (E.D.N.C. Aug. 14, 2012). The fact that the second state court petition was summarily dismissed (Record at 36) does not necessarily mean that it was not properly filed. *See Artuz v. Bennett*, 531 U.S. 4, 11 (2000) (distinguishing between a state procedural bar that addresses "a condition to obtaining relief" and one that "set[s] forth a condition to filing").

filed. Even if Petitioner's filing of the second state court petition tolled the federal limitation period, the tolling period ended, at the latest, in February 2013, when the Law Court denied Petitioner's first motion for reconsideration of the second state court petition.[6] Because Petitioner submitted the pending section 2254 petition in late October or early November 2014, more than one year after the Law Court's February 2013 order, Petitioner did not file the federal petition timely under section 2244(d). In short, none of the state court filings that followed the Law Court's denial of Petitioner's first state court petition tolled the federal limitation period or otherwise operated to bring the section 2254 petition within the limitation period.

Alternatively, Petitioner argues that the Court should apply the doctrine of equitable tolling. (Reply at 25-26.) "Equitable tolling . . . asks whether federal courts may excuse a petitioner's failure to comply with federal timing rules, an inquiry that does not implicate a state court's interpretation of state law." *Id.* at 650 (emphasis omitted). Equitable tolling may be available if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). The Court requires "reasonable diligence." *Id.* at 653 (quotation marks omitted). "A habeas petitioner bears the burden of establishing the basis for equitable tolling." *Ramos-Martínez v. United States*, 638 F.3d 315, 323 (1st Cir. 2011) (quotation marks omitted).[7] "To preserve the usefulness of statutes of limitation as rules of law, equitable

---

[6] The Law Court docket sheet reflects that the second motion to reconsider Petitioner's second state court petition was not properly filed. (Record at 40.)

[7] The First Circuit held in *Ramos-Martínez v. United States*, 638 F.3d 315, 322 (1st Cir. 2011): "Given the compelling textual similarity and congruent purpose that section 2244(d) and section 2255(f) share and the common heritage of both provisions as part of the same statutory framework, we hold that section 2255(f)'s one-year limitations period is subject to equitable tolling in appropriate instances. This holding comports with the reasoning of the *Holland* Court." *See Holland v. Florida*, 560 U.S. 631 (2010).

tolling should be invoked only 'sparingly.'" *Id.* at 322 (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)) (quotation marks omitted).

Petitioner argues that his case presents extraordinary circumstances, and that he exercised reasonable diligence. Petitioner contends that the extraordinary circumstance is that he received incorrect advice from counsel about tolling, and, therefore, he incorrectly believed that he placed his section 2254 petition in the prison mailing system on the final day of the one-year limitation period, after accounting for the tolled periods. (Reply at 11.)[8] Specifically, he argues that counsel told him that the federal limitation period was tolled through the pendency of a petition for a writ of certiorari in the United States Supreme Court requesting review of a state court post-conviction decision. (Reply at 8.)[9] He alleges that post-conviction counsel "was always vague and brief when telling me that I was not barred from filing the habeas petition in Federal Court until all of the grounds I intended to raise therein, had been raised in the State Court." (Reply at 21-22.)

Contrary to Petitioner's argument, the circumstance upon which he relies is not extraordinary. In *Lawrence*, the Supreme Court wrote: "Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."

---

[8] Petitioner explains that he believed that the only two periods when the federal limitation period was not tolled were (1) the period between the date on which the Supreme Court denied certiorari with respect to his first state court post-conviction petition and the date on which he filed his second state court post-conviction petition, which he believed comprised 71 days of the 365-day limitation period; and (2) the period between the date on which the Supreme Court denied certiorari with respect to his second state court petition and the date on which he filed his section 2254 petition, which he believed comprised all of the remaining time available under the limitation period. (Reply at 9-11.)

[9] As discussed above, the tolling period under section 2244(d)(2) does not include the period during which a post-conviction case is pending before the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007). Thus, any advice by counsel to the contrary would have been incorrect.

549 U.S. at 336-37.  Similarly, in *Holland*, the Supreme Court noted that "garden variety" mistakes such as failing to file a petition on time, or failing to be aware of the date on which the limitation period expires, are examples of "simple negligence"  that do not warrant the application of equitable tolling.[10]  *Id.* at 652.  Petitioner's argument (i.e, that he filed the petition late based on his counsel's representation) thus does not constitute an extraordinary circumstance.

While the Court warned against taking an "overly rigid *per se* approach" to determining whether equitable tolling applies, the record in Petitioner's case contains no facts that could reasonably support an equitable tolling argument.[11]  *See* 560 U.S. at 653-54.  Because the record does not support a finding of an extraordinary circumstance, the Court need not consider whether Petitioner exercised reasonable diligence as he maintains.

## III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases.  The recommendation, therefore, is that the Court

---

[10] In *Holland*, post-conviction counsel was appointed thirty-seven days after the United States Supreme Court's denial of a petition for certiorari ended direct review of a Florida state court capital conviction for murder, but counsel did not file a state court post-conviction petition until twelve days before the federal limitation period expired.  560 U.S. at 635-36.  Communications broke down between the petitioner and counsel during the pendency of the state court post-conviction proceeding, notwithstanding the petitioner's efforts to obtain information from counsel about the status of the case and to express concern about the federal statute of limitations.  *Id.* at 636-37.  Although the petitioner had only twelve days following the final state court post-conviction judgment to file his federal petition, counsel failed to inform the petitioner when the state court had reached its final judgment.  *Id.* at 638-39.  Instead, the petitioner found out about the final judgment approximately five weeks later, and he mailed his federal petition the following day.  *Id.* at 639.  Although the Supreme Court did not decide whether equitable tolling should apply in these circumstances, it held that the petitioner was entitled to further proceedings on remand.  *Id.* at 654.

[11] In *Ramos-Martínez*, the First Circuit described circumstances that may warrant equitable tolling in a petition filed under 28 U.S.C. §2255.  The Court noted that the petitioner alleged that a paralegal, who may have been an associate of the petitioner's appellate counsel, failed to draft a section 2255 petition despite agreeing to do so, failed to file the petition, and he "failed to respond to a myriad of telephone calls that the petitioner placed to him."  638 F.3d at 323.  The First Circuit held that on the "threadbare record" presented, there was an insufficient "factual basis to understand what choices the petitioner had and how he made those choices."  *Id.* at 324.  "What the petitioner knew and when he knew it are important in assessing his diligence."  *Id.*  The Court also noted that the petitioner pointed to a number of factors, including "his limited education and lack of familiarity with the English language, the frustration of his efforts to learn English while incarcerated so that he could prepare his own petition, prison transfers and isolation due to lockdowns . . . and the like."  *Id.* at 324.  "Although any one of these factors, standing alone, may be insufficient to excuse a failure to file a timely habeas petition, . . . the whole may be greater than the sum of the parts."  *Id.*

dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254 (ECF No. 1). The recommendation is also that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2). In addition, the Court denies Petitioner's two motions for the appointment of counsel (ECF Nos. 12, 13).

## NOTICE

Any objection to this Recommended Decision and Order shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on the motions for appointment of counsel, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of January, 2015.