UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BRANDON BOONE DREWRY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     1:14-cv-00449-JAW |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent. | ) |

**ORDER ON MOTION FOR EXTENSION OF TIME TO FILE PETITIONER'S SUPPLEMENT TO HIS PETITION FOR WRIT OF HABEAS CORPUS**

Assuming that the Court retains jurisdiction to resolve a motion for extension of time after the petitioner has filed a notice of appeal, the Court denies the motion for extension of time to supplement a petition for writ of habeas corpus because the petition itself is untimely.

### I. PROCEDURAL HISTORY

On November 5, 2014, Brandon Boone Drewry, an inmate at the Maine State Prison, filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. *Pet. under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (ECF No. 1). On the same day, Mr. Drewry moved for leave to proceed in forma pauperis and for appointment of counsel. *Certificate* (ECF No. 4); *Mot. for Appointment of Counsel* (ECF No. 5). On November 14, 2014, the Magistrate Judge granted the motion for leave to proceed in forma pauperis but denied the motion for appointment of counsel. *Order* (ECF No. 7); *Order* (ECF No. 9). On the same day, the Magistrate Judge

ordered the Attorney General of the state of Maine to file an answer or otherwise respond to the petition. *Order to Answer* (ECF No. 10).

The Attorney General filed an answer to and motion to dismiss the petition on December 18, 2014. *Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 11). On December 18, 2014 and December 29, 2014, Mr. Drewry filed another motion for appointment of counsel. *Mot. for Enlargement of Time or in the Alternative, for Appointment of Counsel* (ECF No. 12); *Mot. for Appointment of Counsel to Assist Pet'r in Amending His Pet. for Writ of Habeas Corpus* (ECF No. 13). Mr. Drewry responded to the motion to dismiss on January 5, 2015. *Pet'r's Resp. to Resp't's Mot. to Dismiss Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254* (ECF No. 14).

On January 23, 2015, the Magistrate Judge issued a recommended decision, recommending that the Court grant the motion to dismiss and an order on the motions for appointment of counsel. *Recommended Decision on 28 U.S.C. § 2254 Mot. and Order on Mots. Requesting the Appointment of Counsel* (ECF No. 15) (*Recommended Decision*). Objections to the Recommended Decision were due by February 9, 2015. On February 2, 2015, Mr. Drewry moved to supplement his petition, *Pet'r's Mot. to Supplement the Pet. for Writ of Habeas Corpus* (ECF No. 17) (*First Mot. to Supplement*), and on February 9, 2015, Mr. Drewry objected to the Recommended Decision. *Objection to Recommend[ed] Decision on U.S.C. § 2254 Mot. and Order on Mots. Requesting the Appointment of Counsel* (ECF No. 18).

On February 23, 2015, the Court granted Mr. Drewry's motion to supplement the petition and adopted the recommended decision, dismissing the petition and indicating that no certificate of appealability should issue. *Order Granting Mot. to Supplement Pet. for Writ of Habeas Corpus* (ECF No. 19) (*Order Granting Mot. to Supplement*); *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 20) (*Order Affirming*). The Clerk's Office entered a judgment in favor of the Respondent and against Mr. Drewry on February 23, 2015. *J.* (ECF No. 21).

Finally on February 23, 2015, Mr. Drewry filed a motion to extend time to supplement the petition and a notice of appeal. *Mot. for Extension of Time to File Pet'r's Supplement to his Pet. for Writ of Habeas Corpus* (ECF No. 22) (*Pet'r's Mot.*); *Notice of Appeal* (ECF No. 23).

## II. DISCUSSION

Pro se petitions often have a way of becoming hopelessly tangled. Here, the Magistrate Judge's recommended decision and order wiped the slate clean as of January 23, 2015. The basis of the recommended decision was that Mr. Drewry's petition was untimely because more than one year passed from the date on which the Maine Supreme Judicial Court denied Mr. Drewry's first state court petition, March 28, 2011, and the date he filed his second state court post-conviction petition, April 3, 2012. *Recommended Decision* at 5 (citing 28 U.S.C. § 2244(d)). In addition, the Magistrate Judge observed that the Maine Supreme Judicial Court issued its final denial of his first motion for reconsideration in February 2013 and Mr. Drewry failed

3

to file the pending petition until late October or early November 2014. *Id.* at 7. Nor did the Magistrate Judge find valid grounds for equitable tolling. *Id.* at 7-9.

Mr. Drewry's February 2, 2015 motion to supplement asked the Court to allow him to amend his petition "to explicitly raise 'actual innocence' plus 'witness-tampering' by the prosecution & police, with 'new-evidence' not uncovered until too late for earlier appeals and post-conviction proceedings." *First Mot. to Supplement* at 1. In the motion, Mr. Drewry also moved the Court to order discovery. *Id.* On February 23, 2015, the Court granted the motion to supplement the petition, but the Court did not act on the motion for discovery. *Order Granting Mot. to Supplement*. Thus, when the Court acted on his objection to the recommended decision, the Court considered Mr. Drewry's claims of actual innocence, witness tampering and new evidence. *Id.* Even considering those supplemental assertions, because the recommended decision was based on procedural grounds, the supplemental information did not make a difference and the Court affirmed the recommended decision and ruled that no certificate of appealability should issue. *Order Affirming* at 1-2.

Mr. Drewry's filing both a motion to extend time and a notice of appeal at the same time confuses things because it presents the sometimes tricky question of whether the trial court continues to have jurisdiction over the case once a notice of appeal is filed. Generally, a notice of appeal divests the trial court of jurisdiction. *See United States v. Martin*, 520 F.3d 87, 97 (1st Cir. 2008) ("'As a general rule, with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction

to adjudicate any matters related to [an] appeal'") (quoting *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir. 1987)) (internal punctuation omitted). Those "limited exceptions" vary across the circuits. *See* CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & CATHERINE T. STRUVE, 16A FEDERAL PRACTICE AND PROCEDURE § 3949.1 (4th ed. 2008).

In discussing this issue in *United States v. Torres-Oliveras*, 583 F.3d 37, 44 (1st Cir. 2009), the First Circuit cited with approval a Fifth Circuit case, *United States v. Ortega*, 859 F.2d 327, 334-35 (5th Cir. 1988). In *Ortega*, the Fifth Circuit described the divestiture of jurisdiction rule as allowing for "the need for . . . reasoned choice." 859 F.2d at 334 (internal citations and quotation marks omitted). Although the Court could not locate a First Circuit case that specifically addresses whether a trial court may rule on a motion to extend time to supplement a record, filed just before a notice of appeal, the Court applies the "reasoned choice" rationale and assumes that it retains limited jurisdiction to resolve the housekeeping motion pending in this case at the time of the filing of the notice of appeal. *See also Stewart v. Donges*, 915 F.2d 572, 575 n.3 (10th Cir. 1990) (a district court may exercise jurisdiction over any remaining "tangential matters" despite the filing of a notice of appeal).

Assuming that this Court retains jurisdiction to resolve the motion to extend even after the notice of appeal was filed, the Court denies the motion to extend time. Mr. Drewry's motion is premised on the erroneous view that in granting the February 2, 2015 motion to supplement, the Court was allowing him to engage in discovery and develop his claims of actual innocence, witness tampering and other new evidence. It

5

was not. The Court was only allowing Mr. Drewry to supplement his petition to assert these additional claims and the Court considered those claims in evaluating the recommended decision.

The recommended decision and the Court's affirmance of the recommended decision were grounded on procedural defects in Mr. Drewry's petition that did not depend upon the merits of his claims. To grant Mr. Drewry the right to proceed with discovery and to "describe the facts to be investigated," *Pet'r's Mot.* at 2, would be contrary to the Court's overriding conclusion that Mr. Drewry may not bring his claim at all because the petition was untimely.

### III. CONCLUSION

The Court DENIES Brandon Boone Drewry's Motion for Extension of Time to File Petitioner's Supplement to his Petition for Writ of Habeas Corpus (ECF No. 22).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2015